UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

MICHAEL D. YORK, SR.,

      Debtor.

Chapter 11
Case No. 19-20100

## ORDER ON FOURTH APPLICATION OF COMPENSATION OF LEGAL SERVICES

      This matter came before the Court on the Fourth Application of Molleur Law Office for Compensation of Legal Services (the "Fourth Fee Application") seeking an award of compensation in the amount of $10,012.00 and reimbursement of expenses in the amount of $53.67 incurred during the period October 15, 2019 through February 12, 2020 (the "Application Period").

Professionals may be awarded "reasonable compensation for actual, necessary services." 11 U.S.C. § 330(a)(1)(A). To determine whether compensation is reasonable, a court must consider, *inter alia*, "whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title." 11 U.S.C. § 330(a)(3)(D). "[T]he court shall not allow compensation for . . . services that were not . . . reasonably likely to benefit the debtor's estate [or] necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A). The reasonableness standard is not determined with the benefit of hindsight; rather, services should be examined for reasonableness given the circumstances that existed at the time such services were offered. *In re Tribeca Market, LLC*, 516 B.R. 254, 276 (S.D.N.Y. 2014).

      This case began as a case under chapter 13 with the filing of the Debtor's petition on March 7, 2019 but converted to a small business case under chapter 11 on June 4, 2019. The Debtor filed his plan and disclosure statement on January 2, 2020, the last possible day to do so under 11 U.S.C. §1121(e)(3). Although the Debtor had just 45 days to confirm his plan under 11 U.S.C. § 1129(e), he chose not to use any of the expedited solicitation options available to small business debtors under 11 U.S.C. § 1125(f) and, instead, set a hearing on the adequacy of the disclosure statement for February 11, 2020. This schedule left him just six days between the hearing on the adequacy of the disclosure statement and the deadline for confirmation; only four business days to solicit and tabulate votes and entertain objections to confirmation before the February 17, 2020 deadline for confirmation under 11 U.S.C. § 1121(e)(3).

      Debtor's counsel argues that the plan would have been successful had the Debtor filed his outstanding tax returns as he was obligated to do. While the Court agrees that counsel cannot be faulted for a client's lack of diligence, the decision not utilize any of the expedited disclosure and solicitation methods set forth in 11 U.S.C. § 1125(f) undermined any chance of confirmation even if the Debtor had complied with his obligations. Moreover, that outcome was apparent at the time counsel self-scheduled the hearing on the disclosure statement.

      Counsel has not met its burden to establish that all of the fees incurred in connection with drafting a plan and disclosure statement were reasonable here where the plan could not be confirmed as a result of the Debtor's failure to avail himself of the exigencies afforded small business debtors. Therefore, the Court finds it appropriate to reduce the fees sought by Molleur Law Office during the Application Period by twenty percent (20%).

      WHEREFORE, the Court hereby awards to Molleur Law Office $8,009.60 as reasonable compensation for services rendered during the Application Period and $53.67 as reimbursement for actual, necessary expenses for a total award of $8,0063.27.  This award is made under 11 U.S.C. § 330(a)(1)(A).

Dated:  March 18, 2020　　　　　　　　　　　　/s/ Peter G. Cary
　　　　　　　　　　　　　　　　　　　　　　Judge Peter G. Cary
　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Court